IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL R. LOCKWOOD, | ) |
| Plaintiff, | ) |
| v. | ) C.A. 04-0128 E |
| AUTOMOTIVE FINANCE CORP., | ) |
| Defendant. | ) |

**OPINION**

Presently pending before the Court is Plaintiff's Motion for Remand (Doc. 5) and Defendant's Motion to Dismiss or in the Alternative, Motion for Judgment on the Pleadings (Doc. 3). For the reasons stated herein, we will deny the motion for remand and grant the motion to dismiss.

**I. Background**

The following facts are not in dispute. On April 2, 2004, plaintiff Michael R. Lockwood, a former used car dealership owner, filed a complaint against defendant Automotive Finance Corporation ("AFC") in the Court of Common Pleas of Erie County, Pennsylvania, seeking redress for alleged violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL), 73 P.S. Sections 201-2 to 201-9.2 as well as violations of the Debt Collection Trade Practices Regulations, 37 Pa. Code Sections 303.1 through 303.9. Complaint ¶ 34. Plaintiff had operated a business named Mike Lockwood Auto in Girard, Pennsylvania and had acquired financing through AFC to purchase inventory for his business, Complaint ¶ 3 and 4. Mike Lockwood Auto subsequently filed for Chapter 7 Bankruptcy protection in the United States Bankruptcy Court for the Western District of Pennsylvania (Bankr. No. 01-11846). Complaint 11. AFC challenged the dischargeability of plaintiff's debt based upon plaintiff's fraudulent conduct and was granted judgment against plaintiff in the amount of $49,959.54, plus attorneys fees and costs, with said judgment held to be nondischargeable. Complaint 12-14, 17. According to the Complaint, AFC has not collected on the legal judgment against the Plaintiff. Complaint ¶ 15.

Lockwood alleges that upon dissolution of his used car business, he became employed as a buyer or agent of Lockwood Auto Group, Inc., an automobile dealership, and attempted to purchase vehicles on behalf of that dealer at various auto auctions nationwide. Complaint 18-19. He claims that the "principals of the auto auctions" have denied him the opportunity to make used car purchases at auction, and blames AFC for these denials. Complaint ¶ 21. He alleges that "[t]he various principals of the auto auctions have gone so far as to deny the Plaintiff access to the auctions in the capacity of an agent of the other business where he is merely serving as the conduit to present payments from that entity for the purchase of vehicles wherein that entity is a longstanding participant in the auctions with well-established credit." Complaint ¶ 22. He alleges that AFC has "undertaken a campaign to induce, influence and coerce the various auction principals to deny employment to the Plaintiff based upon full and complete disclosure to these principals that the Plaintiff remains in debt to it" and that he filed for bankruptcy protection and thereby poses a financial liability and risk. Complaint ¶ 26. The Complaint cites two Pennsylvania statutes, the Unfair Trade Practices and Consumer Protection Act (UTPA), 73 P.S. Sections 201-1 to 201.9.2 and the Debt Collection Trade Practices Regulations, 37 Pa. Code Sections 303.1 through 303.9. Complaint ¶ 34.

## II. Discussion

### A. Motion for Remand

AFC filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) based upon diversity jurisdiction, 28 U.S.C. § 1332. Lockwood has filed a motion for remand. He admits that he is a Pennsylvania resident and that AFC is an Indiana corporation for purposes of diversity jurisdiction. Motion for Remand at ¶ 4. Rather, Lockwood contends that his prayer for damages does not meet the federal jurisdictional threshold of $75,000.

Once a case is removed, the federal court may remand if there has been a procedural defect in removal. See 28 U.S.C.A. § 1447(c) (1994). If the court determines that it lacks federal subject matter jurisdiction, remand is mandatory. Id. When a case is removed from a state court, the removing party bears the burden of proving the existence of federal subject matter jurisdiction. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990). Courts strictly construe the

removal statute and resolve all doubts in favor of remand. Id. When faced with a motion to remand, the party who removed the action has the responsibility of establishing the propriety of removal. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir.1992); Boyer, 913 F.2d at 111; Steel Valley Authority v. Union Switch & Signal Div., 809 F.2d 1006, 1012 n. 6 (3d Cir.1987). Removal is a statutory right and, therefore, must be construed in favor of the non-removing party. Id. Any doubts about the existence of federal jurisdiction must be resolved in favor of remand. Batoff, 977 F.2d at 851; Boyer, 913 F.2d at 111.

Federal courts have jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a) (West 1994). As stated earlier, it is undisputed that the parties in this case are diverse. Plaintiff bases his Motion for Remand, rather, on his contention that the amount in controversy falls far short of $75,000. Plaintiff contends that treble damages are not included in the calculation of the amount in controversy for the purposes of determining subject matter jurisdiction. Where a case has been removed, the amount in controversy is generally gleaned from the plaintiff's complaint. Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir.1993). In his Complaint, Plaintiffs sets for the following demand as the amount in controversy:

> WHEREFORE, the Plaintiff, Michael Lockwood, respectfully demands judgment in his favor and against the Defendant, Automotive Finance Corporation, in the amount in excess of $30,000.00 plus treble damages as per 73 Pa. Stat. Section 201.9.2 plus an award of punitive damages in excess of $30,000.00 plus costs, interest and attorney's fees.

The defendant as the removing party is required to demonstrate that the amount in controversy exceeds the jurisdictional threshold. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222 (3d Cir.1999).

We will deny the motion for remand. The amount in controversy is clear from the face of the complaint. Plaintiff appears to be back-pedalling on his prayer for relief and argues that "there is no present probability to find that the federal jurisdictional threshold of $75,000.00 is exceeded" and that "[t]he claim for treble damages is speculative and collateral to the underlying claims and prayer for damages." Motion for Remand at ¶¶ 9, 11. Nevertheless, the plaintiff's

3

complaint *at the time of removal* controls a district court's subject matter jurisdiction inquiry when the case is based on diversity jurisdiction. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938) ("[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal...."); Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) ("A district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the time the petition for removal was filed.' ") (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)); Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir.1999) (determining amount in controversy at time of removal). This mirrors the rule in originally filed cases "where the inquiry is directed to the time when the complaint is filed." Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir.1999) (citing Pullman v. Jenkins, 305 U.S. 534 (1939). Any post-removal event, whether a result of plaintiff's own volition or outside of plaintiff's control, that reduces the amount in controversy below 28 U.S.C. § 1332's jurisdictional floor will not deprive the court of subject matter jurisdiction. See Red Cab Co., 303 U.S. at 293; Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 703 (2d Cir.1985) ("Amendment of a pleading in an effort to rescind jurisdiction over an issue on which a court has already acted is not permitted."); Albright v. R.J. Reynolds Tobacco Co., 531 F.2d 132, 135 (3d Cir.1976). This long held rule protects the defendant's statutory right of removal under 28 U.S.C. § 1441. See Red Cab Co., 303 U.S. at 293. Without solidifying subject matter jurisdiction at the time of removal, the plaintiff would be able to thwart federal jurisdiction by reducing the prayer for relief. This would render the defendant's statutory right of removal "subject to the plaintiff's caprice." Id.; Albright v. R.J. Reynolds Tobacco Co., 531 F.2d 132, 135-36 (3d Cir.1976) (finding district court has jurisdiction when plaintiff amended complaint post removal to reduce the amount in controversy).

Plaintiff argues that "[g]iven the speculative nature of the cumulative claims for damages, the liquidated damages must be considered for purposes of the jurisdictional question without resort to the prospective punitive damages that may attach." Motion for Remand at ¶ 11. The United States Court of Appeals for the Third Circuit has stated that "dismissal is appropriate only if the federal court is certain that the jurisdictional amount cannot be met." Suber v. Chrysler Corp., 104

4

F.3d 578, 583 (3d Cir.1997) (quoting Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir.1995)). In cases where punitive or treble damages are recoverable, these types of damages are properly considered in determining whether the jurisdictional amount is satisfied. See Suber, 104 F.3d at 586-87 (noting that, when calculating amount in controversy, court should include treble damages); Packard, 994 F.2d at 1046 (same, punitive damages). Regardless how speculative, questionable or collateral Plaintiff's claims are, since he, as a Pennsylvania resident, has demanded a sum exceeding the sum or value of $75,000 from AFC, an Indiana corporation, we have original jurisdiction under 28 U.S.C. § 1332 to hear this action. Therefore, Plaintiff's Motion for Remand is denied.

### B. Motion to Dismiss

AFC has filed a "Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings" (Doc. 3). AFC argues that the action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the plaintiff has failed to state a claim upon which relief can be granted. AFC also invokes Fed. R. Civ. P. 12(c) which provides that a party may file a motion for judgment on the pleadings. In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we are "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). In determining whether a claim should be dismissed under Rule 12(b)(6), we may look only to the facts alleged in the complaint and its attachments without reference to other parts of the record. Moreover, a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In considering a motion to dismiss, the court is not deciding the issue of whether a plaintiff will ultimately prevail, but is deciding if the plaintiff is entitled to offer evidence to support its claims. Lake v. Arnold, 112 F.3d 682 (3d Cir. 1997).

AFC contends that the Pennsylvania UTPA only provides a cause of action when a person purchases or leases goods or services primarily for personal, family or household purposes, not in conjunction with business activities. 73 P.S. § 201-9.2. Similarly, AFC argues that the Debt

5

Collection Trade Practices Regulations do not cover Lockwood's business relationship, as opposed to an obligation arising from a purchase, lease or loan of goods or services primarily for personal, family or household purposes. 37 Pa. Code § 303.2.

In response, Plaintiff argues that the motion to dismiss should be denied as untimely because his motion for remand was pending. 28 U.S.C. § 1447. However, Fed. R. Civ. P. 81(c) provides that "[i]n a removed action where the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days" of receipt of the initial pleading, ". . . or within 5 days after the filing of the petition for removal, whichever period is longest." Thus, AFC had until the later of 20 days following service of the Complaint on it (May 9, 2004) or 5 days after the filing of the Notice of Removal (May 10, 2004) to either file an answer or present other defenses or objections to the Complaint. The Motion to Dismiss was timely filed on May 10, 2004. We therefore reject plaintiff's argument as to timeliness.

We note that the provisions of 37 Pa. Code Ch. 303, relating to debt collection trade practices and cited in the Complaint, were repealed in 2000. 73 P.S. § 2270.6. In its place, the Pennsylvania legislature enacted the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA"), 73 P.S. § 2270.1 et seq. The PFCEUA defines "unfair methods of competition and unfair or deceptive practices with regard to the collection of debts." 73 P.S. § 2270.4. Engaging in one of these defined practices constitutes a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

We find that the plaintiff does not have a cause of action under either of the consumer protection laws, the UTPCPL or the PFCEUA. These statutes provide a cause of action for debts arising out of personal use, rather than business use, as is the case with plaintiff's auto dealership. The PFCEUA defines a "debt" as "[a]n actual or alleged past due obligation, claim ,demand, note or other similar liability of a consumer to pay money, arising out of a single account as a result of a purchase, lease or loan of goods, services, or real or personal property *for personal, family or household purposes* or as a result of a loan of money or extension of credit which is obtained *primarily for personal, family or household purposes* . . . ." 73 P.S. § 2270.3. Similarly, the UTPCPL provides that "[a]ny person who purchases or leases goods or services *primarily for*

6

*personal, family or household purposes* and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful . . . may bring a private action to recover actual damages . . ." 73 P.S. § 201-9.2. In his Complaint, Plaintiff states that he "formerly operated a used car dealership" and "[i]n furtherance of that business operation, the Plaintiff acquired financing through the Defendant to purchase inventory for that business." Complaint ¶¶ 3, 4. Plaintiff has alleged that he was a business person who obtained inventory floorplanning for that business from AFC and has not plead that his personal liability to AFC arose from purchases or leases of goods or services primarily for personal, family or household purposes or as otherwise provided by these consumer protection statutes.

As for Plaintiff's allegations that AFC has somehow "blackballed" him from various auto auctions, thus preventing him from bidding on cars, he also admits that "[t]hese principals of the auto auctions possess the discretion to associate with whatever parties they elect as to the conduct of the auto auction business." Responsive Mem. at 4. The plaintiff has not filed suit against any of the entities (Adesa Auction of Cleveland, Auction Insurance Agency, and Bengraff, Williams and Associates) which he contends have harmed him as a result of the alleged "blackballing." The Plaintiff has simply failed to state a cause of action sufficient to pursue these spurious claims.

An appropriate order will be issued.

*/s/ Maurice B. Cohill, Jr.*<br>
Maurice B. Cohill, Jr.<br>
Senior United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL R. LOCKWOOD, )
)
    Plaintiff, )
)
v. ) C.A. 04-0128 E
)
AUTOMOTIVE FINANCE CORP., )
)
    Defendant. )

## ORDER

AND NOW, to-wit, this  30th  day of August, 2005, for the reasons stated in the accompanying opinion, it is hereby ORDERED, ADJUDGED and DECREED THAT: 1) Plaintiff's Motion for Remand (Doc. 5) be and the same is hereby DENIED; and 2) Defendant's Motion to Dismiss, or in the Alternative, for Judgment on the Pleadings (Doc. 3), is hereby GRANTED. CASE CLOSED.

                                                              _____
                                                               Maurice B. Cohill, Jr.
                                                       Senior United States District Court Judge

cc: record counsel